UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

**WILLIAM SIZEMORE** and
**TINA WILKS,**

        **Plaintiffs,**        **CASE NO.**

vs.

**MHP MANAGER LLC,**

        **Defendant.**
_____/

## C O M P L A I N T

Plaintiffs, WILLIAM SIZEMORE and TINA WILKS, by and through the undersigned attorney, sues the Defendant, MHP MANAGER LLC, and states the following:

### FACTS

1. This is an action to recover unpaid wages and overtime compensation under the Fair Labor Standards Act, *as amended,* 29 U.S.C. § 201 *et. seq.* (hereinafter "the FLSA") and an action in tort. This is an action involving claims which are in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of costs and interest.

2. Venue lies in Albany, Georgia, since all of the material actions complained of herein occurred within Albany, Georgia. At all material times, Defendant operated a business within Albany, Georgia.

3. At all times material and relevant herein, Plaintiffs were employed by Defendant within meaning of the FLSA, 29 U.S.C. § 203(e)(1).

4.     At all relevant times, Defendant, MHP Manager LLC, is a corporation organized and conducting business under the laws of the State of Georgia and was Plaintiffs' employer as that term is defined under the applicable law.

5.     Defendant employed Plaintiff Sizemore from approximately January 27, 2008 through March 31, 2009. He performed administrative and maintenance duties and was paid a gross monthly salary of $3,600.00. On average, Plaintiff worked approximately 70 hours per week.

6.     Defendant employed Plaintiff Wilks from approximately February, 2008 through May, 2009. She performed maintenance work and was paid a gross monthly salary of only $1,600.00. On average, Plaintiff worked 85 hours per week.

7.     Throughout their employment with Defendant, Plaintiffs were engaged in services and duties essential to the operation of a mobile home park.

8.     Plaintiffs were hard working, dedicated, and loyal employees. During their employment with Defendant, each Plaintiff was consistently required to work in excess of 40 hours per work week and not paid overtime compensation for the overtime hours worked.

9.     Plaintiff Wilks was paid substantially less than minimum wage. She is owed at least minimum wage for forty hours per week and is further owed overtime compensation for the overtime hours she worked each week.

11.    Throughout his employment with Defendant, Plaintiff Sizemore lent money to Defendant to pay for various business expenses of Defendant, including without limitation, supplies and salaries. Defendant agreed to repay Plaintiff all of the money he paid out of pocket on Defendant's behalf. Currently, there is an estimated total of $17,452.19 outstanding that Defendant owes Plaintiff for monies he paid on Defendant's behalf.

12. Plaintiffs have retained the undersigned to represent their interests in this action and are obligated to pay her a reasonable fee for her services. Defendant should be made to pay said fee and any costs affiliated with this action and any underlying administrative process.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, ET SEQ.
## MINIMUM WAGE/OVERTIME

13. Plaintiffs reallege paragraphs 1 through 12.

14. Plaintiffs worked as employees for Defendant.

15. Plaintiffs were highly dedicated employees during their tenure with Defendant.

16. Plaintiffs fulfilled all the duties and functions of their respective positions with Defendant and, at all times pertinent hereto, were qualified for the position each held with Defendant.

17. Plaintiffs' dedication was rewarded by the failure of Defendant to pay Plaintiff Wilks minimum wage and failure of Defendant to pay both Plaintiffs overtime for hours worked in excess of forty hours per week.

18. Plaintiffs suffered loss of wages as a consequence.

19. Defendant has ratified the unlawful conduct of its supervisors and managers in failing to properly pay Plaintiffs wages for hours worked and to properly pay them overtime.

20. Defendant failed to have effective policies and procedures in place to prevent and correct the wrongs stated herein.

21. Defendant was - and is - required to pay Plaintiffs compensation at no less than a federally-established minimum wage for each hour worked, plus overtime compensation at one and one-half times Plaintiffs' regular hourly wage for any hours worked in excess of forty (40) hours, pursuant to 29 U.S.C. § 207(a)(1).

22. Defendant failed to pay Plaintiff Wilks a wage of at least the federal minimum wage for each hour worked and failed to pay both Plaintiffs overtime compensation pursuant to the FLSA.

23. Defendant's actions were willful and not in good faith.

24. Defendant is liable to Plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b).

25. Defendant is responsible for Plaintiffs' attorney fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendant for the following relief: actual damages, liquidated damages and equitable relief against Defendant for the Defendant's violations of the law enumerated herein, injunctive relief permanently enjoining Defendant from future violations of law enumerated herein and remedying all past and future lost income, raises, promotions, and other benefits of which Plaintiffs have been unlawfully deprived, interest, Plaintiffs' attorneys' fees and costs, all damages as allowed by law, any other relief deemed just and proper under the circumstances.

### COUNT II - MONEY LENT
**(Plaintiff Sizemore only)**

26. Plaintiff Sizemore realleges paragraphs 1 through 5 and 11 through 12.

27. Defendant owes Plaintiff Sizemore an estimated $17,452.19 that is due with interest for money lent by Plaintiff Sizemore to Defendant at various dates throughout his employment with Defendant.

28. As a direct and proximate result of Defendant's conduct described above, Plaintiff Sizemore has suffered damages which damages include but are not limited to all sums Defendant borrowed, expenses incurred due to Defendant's non-payment, penalties as allowed under the law, interest, costs and any other relief permitted by law.

WHEREFORE, Plaintiff demands judgment against Defendant for money owed, interest, costs, attorneys fees and any other relief deemed just and proper under the circumstances.

## COUNT III - BREACH OF CONTRACT

29. Plaintiff Sizemore realleges paragraphs 1-5 and 11 through 12 and incorporates them herein by reference.

30. Throughout his employment, Plaintiff advanced monies to Defendant for certain business expenditures. Defendant agreed that it would repay this money to Plaintiff.

31. Defendant breached its agreement with Plaintiff and failed to repay him all of the money that Plaintiff advanced.

32. Defendant owes Plaintiff an estimated $17,452.19 in that Defendant agreed to repay Plaintiff for monies that Plaintiff advanced on behalf of Defendant.

33. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered damages which damages include but are not limited to all sums due under the contract, expenses incurred due to Defendant's breach, penalties as allowed under the law, interest, costs and any other relief permitted by law.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, interest, attorneys fees, costs, and any other relief deemed just and proper under the circumstances.

## COUNT IV
## PROMISSORY ESTOPPEL
### (brought by Plaintiff Sizemore only)

34. Plaintiff Sizemore realleges paragraphs 1-5 and 11 through 12 and incorporates them herein by reference.

35. This is an action against Defendant in equity for promissory estoppel.

36. Plaintiff detrimentally relied on a promise made by the Defendant that they were going to repay Plaintiff the monies that he advance on Defendant's behalf. He is owed the sum of approximately $17,452.19 for which he has not been paid.

37. Due to the nature of the services provided to Defendant by Plaintiff, Defendant reasonably should have expected the promise it made to Plaintiff to induce reliance in the form of action and/or forbearance on the part of the Plaintiff. There was reliance and forbearance on the part of the Plaintiff in that he fronted money on Defendant's behalf due to the agreement with Defendant and the expectation of repayment.

38. Defendant has accepted and/or retained the benefits conferred by Plaintiff on Defendant during the years 2008 and 2009. However, Defendant failed to fully compensate Plaintiff for the benefits conferred.

39. The circumstances are such that injustice can be avoided only by enforcement of the promise against the Defendant.

40. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered harm including but not limited to all sums due to him under his agreement

with Defendant in the amount of approximately $17,452.19, expenses incurred due to Defendant's actions, interest, costs and any other relief deemed just and proper under the circumstances.

WHEREFORE, Plaintiff demands judgment against Defendant for money owed, interest, costs, attorneys fees and any other relief deemed just and proper under the circumstances.

## COUNT V
## UNJUST ENRICHMENT
### (brought by Plaintiff Sizemore only)

41. Plaintiff Sizemore realleges paragraphs 1-5 and 11 through 12 and incorporates them herein by reference.

42. This is an action against Defendant in equity for unjust enrichment.

43. Plaintiff completely or substantially performed under his agreement with Defendant as set forth above.  A benefit in the form of monies advance by Plaintiff for the benefit of Defendant's business was thus conferred on and flowed to Defendant for which repayment was expected.  The sum of approximately $17,452.19 has not been paid by Defendant although it received the benefit of this money from Plaintiff.

44. Defendant requested the aforementioned benefit from Plaintiff or knowingly and voluntarily accepted the benefit, and benefits flowed to Defendant from Plaintiff.

45. Under these circumstances, it would be inequitable for the Defendant to retain the benefit of Plaintiff's services without repaying Plaintiff.

46. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered harm including but not limited to all sums due under his agreement with

Defendant in the amount of approximately $17,452.19, expenses incurred due to Defendant's actions, interest, costs and any other relief deemed just and proper under the circumstances.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, interest, costs, attorneys fees and any other relief deemed just and proper under the circumstances.

## COUNT VI
## QUANTUM MERUIT
### (brought by Plaintiff Sizemore only)

47.     Plaintiff Sizemore realleges paragraphs 1-5 and 11 through 12 and incorporates them herein by reference.

48.     This is an action against Defendant in equity for quantum meruit.

49.     Plaintiff completely or substantially paid business expenses on behalf of Defendant as set forth above.  Defendant assented to these payments by Plaintiff and received the benefit of the payments by Plaintiff . Specifically and without limitation, Plaintiff paid for business items, including without limitation supplies and payroll and expected to be repaid for the monies he advanced.  Under these circumstances, in the ordinary course of common events, a reasonable person/business in the Defendant's position receiving such a benefit normally would expect to pay for it.  Defendant failed to repay Plaintiff for the money he advanced.

50.     Under these circumstances, it would be inequitable for the Defendant to retain the benefit of Plaintiff's services without paying the value thereof.

51.     As a direct and proximate result of Defendant's conduct described above,

Plaintiff has suffered harm including but not limited to all sums due him under his agreement with Defendant in the amount of approximately $17,452.19, expenses incurred due to Defendant's actions, interest, costs and any other relief deemed just and proper under the circumstances.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, interest, costs, attorneys fees and any other relief deemed just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues herein triable by jury.

DATED THIS 27th day of May, 2010.

Respectfully submitted,

/s/ **David G. Sullivan**
David G. Sullivan [GBN 141754]
SOLOMON, SULLIVAN, ROMO,
    & DURRETT
2108 Delta Way
Tallahassee, Florida   32303
Telephone: (850) 385-6668
Facsimile: (850) 385-3750
COUNSEL FOR PLAINTIFF